UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-cv-22071-O'SULLIVAN

[CONSENT]

CHERYL MILBRATH,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.,

    Defendant.

                                                               /

## ORDER

THIS MATTER is before the Court on the Plaintiff's *Daubert* Challenge to Defendant's Expert Neurologist Dr. Jeffrey Hortsmyer (DE# 100, 5/16/18). Having reviewed the motion and the Defendant's Response to Plaintiff's Motion to Strike Dr. Hortsmyer (DE# 104, 5/17/18), it is

ORDERED AND ADJUDGED that the Plaintiff's *Daubert* Challenge to Defendant's Expert Neurologist Dr. Jeffrey Hortsmyer (DE# 100, 5/16/18) is DENIED and Dr. Hortsmyer is permitted to testify as the defendant's rebuttal expert witness.

### I. Legal Standard

Under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993), and Rule 702 of the Federal Rules of Evidence, the Court serves as a gatekeeper to the admission of scientific evidence. Quiet Technology DC-8 v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003) (citing Daubert, 509 U.S. 579, 589 (1993); and McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)); Rink v. Cheminova, 400 F.3d 1286, 1291 (11th Cir. 2005). To determine the admissibility of

expert testimony under Rule 702, the Court must undertake the following three-part inquiry:

> (1) [T]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated by Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand evidence or to determine a fact in issue.

Quiet Technology, 326 F.3d at 1340-41 (citing City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998) (citing Daubert, 509 U.S. at 589) (other citation omitted). The Eleventh Circuit cautioned that although some overlap among the inquiries regarding expert qualifications, reliability and helpfulness exist, "these are distinct concepts that courts and litigants must take care not to conflate." Id. at 1341.

> To determine reliability, the court considers:
>
> (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known and potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

Id. (citing McCorvey, 298 F.3d at 1256 (citing Daubert, 509 U.S. at 593-94)). "'A district court's gatekeeper role 'is not intended to supplant the adversary system or the role of the jury.'" Id. (citing Maiz v. Virani, 253 F.3d 641, 666 (11th Cir. 2001) (quoting Allison v. McGhan, 184 F.3d 1300, 1311 (11th Cir. 1999)). "Quite the contrary, '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" Id. (quoting Daubert, 509 U.S. at 596). The party offering the expert testimony bears the burden to lay the proper foundation for the expert opinion to be

admissible, and admissibility must be shown by a preponderance of the evidence. Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999). The court's gatekeeper role is to "keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value." Id. at 1311.

## II. Dr. Hortsmyer's Expert Opinion Satisfies *Daubert*

The plaintiff seeks to exclude the expert testimony of the defendant's rebuttal expert, Dr. Hortsmyer, on the following grounds: 1) that the defendant has failed to meet its burden to show that Dr. Hortsmyer is qualified to testify because the defendant fails to offer any specific assurances that Dr. Hortsmyer has any specific experience in evaluating neurocognitive conditions; 2) Dr. Hortsmyer's opinion that the plaintiff did not suffer any post-incident neurocognitive impairment is not reliable because Dr. Hortsmyer failed to assess any of the plaintiff's pre-incident medical records, did not speak to or examine the plaintiff, and has no basis for comparison regarding the plaintiff's neurocognitive abilities before and after the incident; and 3) Dr. Hortsmyer's opinion that the plaintiff's subjective complaints are inconsistent with the history provided by the plaintiff to the various medical providers is not helpful to the jury because the average juror is capable of assessing the plaintiff's credibility.

The defendant argues that Dr. Hortsmyer's expert opinion that the plaintiff does not suffer from any neurological or cognitive deficient satisfies Daubert. Dr. Hortsmyer is a board-certified neurologist with extensive training and experience, who reviewed all of the plaintiff's medical records, plaintiff's deposition testimony, a neuropsychological report, brain imaging results, and the reports of the plaintiff's expert. The defendant

3

maintains that Dr. Hortsmyer is not offering a causation opinion.  The defendant argues further that Dr. Hortsmyer's failure to review pre-incident medical records and a lack of physical examination do not make his opinion unreliable.  The defendant explains that pre-cognitive testing, such as IQ tests, or other neuropsychological testing was not available because the plaintiff never underwent any such testing before the cruise.  Dr. Hortsmyer's opinion is based on the plaintiff's failure to report any symptoms consistent with a concussion until nearly a year after the cruise, and Dr. Hortsmyer's review of the deposition transcripts, brain imaging scans, Dr. Suite's expert reports, and the plaintiff's comprehensive neuropsychological evaluation.  Additionally, the defendant contends that the plaintiff's subjective complaints including headaches and memory loss cannot be tested.

Courts have routinely found that a physician need not physically examine a plaintiff in order to render an opinion sufficient to withstand a *Daubert* challenge.  See Geyer v. NCL (Bahamas) Ltd., 203 F. Supp. 3d 1212, 1216-17 (S.D. Fla. 2010) (accepting the "'general proposition that a physician need not necessarily examine a patient, interview that patient, or speak with the patient's treating physician(s) in order to render opinions regarding diagnosis, prognosis, course of treatment and perhaps even causation'") (quoting Haller v. AstraZeneca Pharm. LP, 598 F. Supp. 2d 1271, 1294-95 (M.D. Fla. 2009)(footnote omitted)).  In Geyer, the court found the expert's testimony admissible because "it [was] based on his twenty-six years of experience as an orthopedic surgeon and his review of Plaintiff's medical records."  Id. at 1217.  Similarly, in the present case, Dr. Hortsmyer's opinion is based on a review of the plaintiff's medical records, test results, and deposition testimony and his more than

4

twenty years of experience as a board-certified neurologist.  The Court finds that Dr. Hortsmyer is qualified to give expert testimony and that his expert opinion that plaintiff does not suffer from any neurological or cognitive deficient based on his review of the plaintiff's medical records, brain MRI, neuropsychological test results and deposition testimony is reliable.

Finally, expert testimony must assist the trier of fact to be admissible under Rule 702.  Fed. R. Evid. 702.  "By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." United States v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004)(citation omitted).  "Proffered expert testimony generally will not help the trier of fact when if offers nothing more than what lawyers for the parties can argue in closing arguments."  Id. 1262-63 (citing 4 Weinstein's Federal Evidence § 702.03[2][a]). The Court finds that Dr. Hortsmyer's testimony will help the jury understand the significance and results of the plaintiff's brain MRI and detailed psychoneurological testing in conjunction with the plaintiff's subject complaints that include headaches and memory loss. Dr. Hortsmyer shall not testify on direct examination to his conclusion that the plaintiff's subjective complaints are inconsistent with the medical evidence.  Credibility of witnesses is within the province of the jury to determine.

Because the defendant has satisfied the Daubert requirements that the expert opinions be qualified, reliable and helpful, the Plaintiff's *Daubert* Challenge to Defendant's Expert Neurologist Dr. Jeffrey Hortsmyer (DE# 100, 5/16/18)  is DENIED and Dr. Hortsmyer is permitted to testify as the defendant's rebuttal expert witness. Dr.

Hortsmyer shall not testify on direct examination to his conclusion that the plaintiff's subjective complaints are inconsistent with the medical evidence.

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of May, 2018.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record